UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Iris Stricklin et al,<br><br>    Plaintiff(s),<br><br>vs.<br><br>Volkswagen Group of America, Inc., et al<br><br>    Defendant(s). | Case No.: CV 15-7431-DOC (SPx)<br><br>**ORDER STAYING CASE PENDING DECISION BY UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** |

### I.     Background

As of today, the Court has before it forty-five (45) cases in which plaintiffs have brought actions against Volkswagen AG and/or Volkswagen Group of America.[1] Generally, these cases include allegations concerning Volkswagen's installation of "defeat devices" in Volkswagen and Audi diesel vehicles sold by Volkswagen in the United States.

This case is one of those Volkswagen cases.

The United States Judicial Panel on Multidistrict Litigation ("MDL Panel") will hear arguments on December 3, 2015 about where these cases should be consolidated for pretrial proceedings. This raises the issue of whether these cases should be stayed until the MDL Panel renders its decision. Therefore, the Court acts now to determine whether a stay is warranted. *See Sanborn v. Asbestos Corp.*, No. C 08-5260 PJH, 2009 WL 195922, at *1 (N.D. Cal. Jan. 27, 2009) (staying action *sua sponte* until a final decision regarding transfer was rendered by the MDL Panel).

---

[1] Additional Volkswagen cases will likely come to this Court in the next few weeks.

1 "When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred [by the MDL Panel] to any district for coordinated or consolidated pretrial proceedings." 28 U.C.S. § 1407(a). "The purpose of such transfers is to further judicial economy and to eliminate the potential for conflicting pretrial rulings." *Sanborn*, 2009 WL 195922, at *2 (internal quotation marks omitted) (quoting *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998)).

The decision to grant a temporary stay of proceedings pending a ruling on transfer of the matter "is within the court's discretion." *McVicar v. Goodman Global Inc.*, No. SACV 13-1223-DOC, 2013 WL 6212149, at *1 (C.D. Cal. Nov. 25, 2013) (internal quotation marks omitted) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal 1997)); *see also Landis v. North Am. Co.*, 229 U.S. 248, 254–55 (the power to stay proceedings "is incidental to the power inherent in every court to manage the schedule of cases on its docket to ensure fair and efficient adjudication").[2] A stay "is appropriate when it serves the interests of judicial economy and efficiency." *Rivers*, F. Supp. at 1360 (staying action pending decision by the MDL Panel regarding transfer after finding that judicial resources would be conserved and defendant would not be prejudiced); *see also Good*, 5 F. Supp. 2d at 809 ("Courts frequently grant stay pending a decision by the MDL panel regarding whether to transfer a case.") (collecting cases). In determining whether to stay, courts generally consider potential prejudice to the parties and the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *See McVicar*, 2013 WL 6212149, at *1.

**II. Discussion**

The purposes of MDL Panel transfers are to further judicial economy and eliminate the potential for conflicting pretrial rulings. Given those aims, the Court is concerned that resolving any pending motions would lead to conflicting pretrial rulings and limit the ability of the judge

---

[2] The Court recognizes it is not required to stay proceedings pending the MDL Panel's decision. Federal Rule of Procedure the United States Judicial Panel on Multidistrict Litigation 2.1(d), "Pendency of Motion or Conditional Order" provides that: The pendency of a motion, order to show cause, conditional transfer order or conditional remand before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court. An order to transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective only upon its filing with the clerk of the transferee district court.

who is ultimately assigned the consolidated litigation to manage the litigation in the way he or she sees fit. *See Rivers*, F. Supp. at 1361. For instance, decisions regarding the appointment of lead counsel and formulation of classes are better left to the judge who is assigned the cases. Stays conserve judicial resources, avoid duplicative litigation, and prevent courts from impacting other courts' pretrial decisions.

Further, a stay here would cause minimal prejudice to the parties. On December 3, 2015, the MDL Panel is set to conduct hearings on *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672, and will likely make its decision soon after.[3] These cases are still in their nascent stages and the stay will likely not be for a significant period of time.

Staying the present case "provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004); *see* 28 U.S.C § 1407. Out of deference to the MDL Panel and concern for judicial resources and conflicting rulings, the Court finds it prudent to stay this case pending a decision by the MDL Panel.

### III. Disposition

For the reasons set forth above, this case is hereby STAYED pending a ruling by the MDL Panel.

*/s/ David O. Carter*
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Dated: October 28, 2015

---

[3] The MDL Panel will likely render its decision soon after hearing oral argument on December 3. *See* John G. Heyburn II, *A View from the Panel: Part of the Solution*, 82 Tul. L. Rev. 2225, 2242 (2008) ("The Panel prepares extensively for oral argument and usually reaches a decision on each case during its conference immediately afterwards."); *id.* at 2244 n.88 ("Usually within two weeks of oral argument, the Chair has finalized and approved each written opinion pertaining to that session.").